UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY

_____
                                          :
                                          :
TERENCE P. HOUSTON,                       :
                                          :
            Plaintiff,                    :            Civil Action No. 09-5151 (JAP)
                                          :
      v.                                  :
                                          :
CITY OF TRENTON, et al.                   :            **OPINION**
                                          :
                                          :
            Defendant.                    :
_____:

PISANO, District Judge.

 Plaintiff, proceeding *pro se*, brings this civil rights action against the City of Trenton (the

"City"), and its Mayor, Police Director and members of its police department alleging that he

was subjected to the use of excessive force by city police officers.  Presently before the Court are

motions by Defendants Joseph Santiago, Luddie Austin, Douglas Palmer, and the City

(collectively, "Defendants") to dismiss certain counts of the Amended Complaint (hereinafter,

"Complaint").  Plaintiff has not filed opposition to the motions.  The Court decides the matter

without oral argument pursuant to Federal Rule of Civil Procedure 78.  For the reasons below,

Defendants' motions shall be granted.

**I.  Background**

 The facts alleged in the Complaint, which are presumed to be true for the purposes of this

motion,[1] can be summarized as follows:  On January 29, 2009, Plaintiff was assisting friends and

_____

[1] In addressing a motion to dismiss, the Court must accept as true the allegations contained in a
complaint.  *See Toys "R" US, Inc. v. Step Two, S.A.*, 318 F.3d 446, 457 (3d Cir. 2003); *Dayhoff,*

relatives in Trenton with the rearranging of some furniture.  There was a knock at the door, and when one of the occupants opened the door two members of the Trenton police department "forced themselves into the house" and tackled Plaintiff.  Compl. ¶ 9b-9c.  One of the officers "put his knee on plaintiff's neck and twisted plaintiff's wrist" and the other punched Plaintiff  in the head and face.  *Id.* ¶ 9d, 9f.  The officers then sprayed him with mace and "attempted to suffocate him" on the couch pillows.  *Id.* ¶ 9g.  As a result of the actions of these officers, Plaintiff sustained injuries and had to be taken to the emergency room.  *Id.* ¶ 9h.  According to Plaintiff, it is the custom and practice of the Trenton Police Department to use unnecessary force against or otherwise mistreat citizens suspected of a crime, and such actions are condoned by those in charge.  Compl. ¶ ¶ 10(a); 11; 11(a) – (f).

The Complaint in this action contains four counts.  Count I is a claim under 42 U.S.C. § 1983 and alleges that Defendants' actions violated plaintiffs rights under the United States Constitution.  Counts II through IV appear to separately allege various elements of a claim under the Racketeer Influenced and Corrupt Organizations Act ("RICO"), 18 U.S.C. § 1961 *et seq.*  Defendants have moved to dismiss Counts II through IV.

**II.  Legal Standard**

Under Federal Rule of Civil Procedure 12(b)(6), a court may grant a motion to dismiss if the complaint fails to state a claim upon which relief can be granted.  The Supreme Court set forth the standard for addressing a motion to dismiss under Rule 12(b)(6) in *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 562, 127 S.Ct. 1955, 167 L.Ed.2d 929 (2007).  The *Twombly* Court stated that, "[w]hile a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need

---

*Inc. v. H.J. Heinz Co.*, 86 F.3d 1287, 1301 (3d Cir. 1996).  Accordingly, the facts recited herein are taken from the First Amended Complaint unless otherwise indicated and do not represent this Court's factual findings.

detailed factual allegations, ... a plaintiff's obligation to provide the grounds of his entitle[ment] to relief requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do[.]"  *Id.* at 555 (internal citations omitted); *see also Baraka v. McGreevey*, 481 F.3d 187, 195 (3d Cir.2007) (stating that standard of review for motion to dismiss does not require courts to accept as true "unsupported conclusions and unwarranted inferences" or "legal conclusion[s] couched as factual allegation[s]." (internal quotation marks omitted)).  Therefore, for a complaint to withstand a motion to dismiss under Rule 12(b)(6), the "[f]actual allegations must be enough to raise a right to relief above the speculative level, ... on the assumption that all the allegations in the complaint are true (even if doubtful in fact) ..." *Twombly*, 550 U.S. at 555 (internal citations and footnote omitted).

More recently, the Supreme Court has emphasized that, when assessing the sufficiency of a civil complaint, a court must distinguish factual contentions and "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements." *Ashcroft v. Iqbal*, 129 S.Ct. 1937, 1949, 173 L.Ed.2d 868 (2009).  A complaint will be dismissed unless it "contain[s] sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Id.* at 1949 (quoting *Twombly*, 550 U.S. at 570).  This "plausibility" determination will be "a context-specific task that requires the reviewing court to draw on its judicial experience and common sense."  *Fowler v. UPMC Shadyside*, 578 F.3d 203, 2009 WL 2501662, *5 (3d Cir. August 18, 2009) (citations omitted).

**III.  Analysis**

Defendants have moved to dismiss Counts II, III and IV of the Complaint.  First, Defendants argue that these Counts do not contain or reference any factual allegations as to the City, Palmer or Santiago.  Second, Defendants argue that Plaintiff's RICO claims should be

dismissed because "the criminal statutes in the RICO Act do not include a civil remedy." City of Trenton Brf. at 3.

As an initial matter, Defendants err in their assertion that RICO does not provide a civil remedy. "RICO provides a private right of action to recover treble damages, attorney's fees, and costs of suit 'for any person injured in his business or property by reason of a violation of 18 U.S.C. § 1962.'" *Kolar v. Preferred Real Estate Invs., Inc*., 361 Fed. Appx. 354, 359 (3d Cir. 2010); 18 U.S.C. § 1964(c). Here, construing Plaintiff's complaint liberally, Plaintiff alleges that Defendants committed civil RICO violations under 18 U.S.C. § 1962(c) and (d). However, although RICO provides a civil remedy for persons injured by a violation, Plaintiff here has failed to plead a claim under RICO.

Plaintiff claims that Defendants violated section 1962(c) the RICO Act. Section 1962(c) provides that

> [i]t shall be unlawful for any person employed by or associated with any enterprise engaged in, or the activities which affect, interstate or foreign commerce, to conduct or participate, directly or indirectly, in the conduct of such enterprise's affairs through a pattern of racketeering activity or collection of unlawful debt.

18 U.S.C. § 1962(c). Thus, to state a claim for damages based upon violation of this section, a plaintiff must allege (1) conduct (2) of an enterprise (3) through a pattern (4) of racketeering activity. *In re Insurance Brokerage Antitrust Litigation*, 618 F.3d 300, 362 (3d Cir. 2010). Here, the facts alleged in Plaintiff's complaint fail to fulfill these elements.

The term "racketeering activity" refers to the long list of enumerated federal and state crimes provided in § 1961(1) of the RICO statute. It appears that the predicate act that Plaintiff attempts to bases his RICO claim is "bribery." Compl., Count III (citing N.J.S.A. 2C:27-2). The complaint, however, contains no facts that support such an allegation. In this regard Plaintiff

alleges only that "[t]he crime of bribery was committed when Defendants Kevin and Luddie sought for themselves and each other, the benefit of covering up and getting away with assaulting, and threatening to kill the plaintiff."  Compl., Count III.  Moreover, the RICO statute defines a pattern of racketeering activity as requiring at least two predicate acts of racketeering within a ten year period. 18 U.S.C. § 1961(5).  Here, Plaintiffs appears to base his claim upon only the one alleged act.

Plaintiff also alleges Defendants violated 18 U.S.C. § 1962(d).  This section makes it unlawful for any person to conspire to violate subsection (a), (b) or (c) of § 1962.  18 U.S.C. § 1962(d).  "Any claim under section 1962(d) based on conspiracy to violate the other subsections of section 1962 necessarily must fail if the substantive claims are themselves deficient." *Lightning Lube v. Witco Corp.*, 4 F.3d 1153, 1191 (3d Cir. 1993).  As such, Plaintiff's RICO claims fails in their entirety.  Because the Court finds that any amendment to Plaintiff's RICO claims would be futile, Counts II though IV shall be dismissed with prejudice.

**III.  Conclusion**

For the reasons above, Defendants' motion shall be granted.  Counts II, III and IV in Plaintiff's Amended Complaint are dismissed in their entirety with prejudice.


/s/ Joel A. Pisano
JOEL A. PISANO, U.S.D.J.